NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA RAMIREZ MURILLO; ZET PEREZ RAMIREZ; SARAHI PEREZ RAMIREZ; NICOLE PEREZ RAMIREZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4987 <br><br> Agency Nos. <br> A209-167-789 <br> A209-167-790 <br> A209-167-791 <br> A209-167-792 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025**
San Francisco, California

Before: BOGGS, BRESS, and MENDOZA, Circuit Judges.***

Silvia Ramirez Murillo and three of her children ("petitioners"), natives and

citizens of Mexico, petition for review of a Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

decision affirming the Immigration Judge's ("IJ") denial of Ramirez Murillo's application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's factual determinations for substantial evidence. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). Constitutional claims and questions of law are reviewed de novo. *Vazquez Romero v. Garland*, 999 F.3d 656, 662 (9th Cir. 2021).

1. Petitioners contend that the BIA erred by affirming the IJ's determination that Ramirez Murillo failed to demonstrate a nexus between her claims and a particular proposed social group of "adult Mexican females." But Ramirez Murillo did not exhaust this argument before the BIA. Under 8 U.S.C. § 1252(d)(1), a court may review a final order of removal only if the individual has "exhausted all administrative remedies available . . . as of right." "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below . . . ." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (internal quotation marks omitted). While not jurisdictional, exhaustion is mandatory if the government raises the issue. *Id.*; *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding that 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule). Ramirez Murillo limited her BIA appeal brief solely to the argument that the IJ's decision relied on *L-E-A-*,

24-4987

27 I. & N. Dec. 581 (A.G. 2019), which was subsequently vacated. *See L-E-A-*, 28 I. & N. Dec. 304, 304 (A.G. 2021). Ramirez Murillo did not challenge the IJ's findings that she had not demonstrated a nexus or an objectively reasonable well-founded fear of future persecution, which were ultimately dispositive of her claims. A petitioner who files a brief before the BIA exhausts only those arguments raised in the brief regardless of what was raised in the notice of appeal. *Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc) (per curiam). In this situation, we may not consider any other arguments. *See Umana-Escobar*, 69 F.4th at 550.

2. Petitioners further contend that the BIA erred by affirming the IJ's determination that (1) failed to apply the regulatory factors set forth at 8 C.F.R. § 1208.13(b)(3) to determine the reasonability of internal relocation; and (2) failed to adequately consider her fear of future persecution in Mexico based on regulations set forth at 8 C.F.R. § 1208.13(b)(2)(i). These arguments are also not exhausted. We therefore may not consider these arguments. *See Umana-Escobar*, 69 F.4th at 550.

The petition is **DENIED**.